# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD V. JACOBS, Individually and as Administrator of the Estate of Denise M. Jacobs, deceased, | : : : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO.  15-3590 |
| GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, | : : | |
| | : | |
| Defendant. | : | |

## <u>MEMORANDUM</u>

BUCKWALTER, S.J.                                                    August 11, 2015

      Currently pending before the Court is a Motion to Remand by Plaintiff Edward V. Jacobs. For the following reasons, the Motion is granted.

## I.  FACTUAL BACKGROUND

      On May 21, 2015, Plaintiff Edward V. Jacobs, individually and as administrator of the Estate of Denise M. Jacobs, initiated suit in the Philadelphia Court of Common Pleas against Defendant Global Life and Accident Insurance Company.  The action sought recovery of a contractual $25,000 Accidental Death Benefit, as well as extra-contractual bad faith damages, in connection with a claim arising from a September 6, 2012 accident, in which the decedent lost her life.  Defendant removed the case to federal court on June 26, 2015.  On July 2, 2015, Defendant moved to dismiss both Plaintiff's claim for punitive damages in Count I and

Plaintiff's claim for consequential damages in Count II, and moved to strike paragraph 47 of the Complaint referring to alleged "fiduciary duties" owed by Defendant to Plaintiff.  On the same day, Plaintiff moved to remand, asserting that because the amount in controversy did not meet or exceed $75,000, the Court did not have diversity jurisdiction over the case.  Thereafter, on July 8, 2015, Plaintiff filed an Amended Complaint specifically stating that the amount in controversy does not exceed $75,000, since Plaintiff sought only the $25,000 contractual amount and less than $50,000 in punitive damages and attorneys' fees.  Defendant responded to the Motion on the same day, indicating that it had no objection to remand of the action.

## II.    STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure12(b)(1) challenges the power of a federal court to hear a claim or a case.  Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006).  When presented with a Rule 12(b)(1) motion, the plaintiff "will have the burden of proof that jurisdiction does in fact exist."  Id. at 302 n.3.  There are two types of Rule 12(b)(1) motions. A "facial" attack assumes that the allegations of the complaint are true, but contends that the pleadings fail to present an action within the court's jurisdiction.  Id.; Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  A "factual" attack, on the other hand, argues that, while the pleadings themselves facially establish jurisdiction, one or more of the factual allegations is untrue thereby causing the case to fall outside the court's jurisdiction. Mortenson, 549 F.2d at 891.  In such a case, "no presumptive truthfulness attaches to plaintiff's allegations" and the court must evaluate the merits of the disputed allegations because "the trial court's . . . very power to hear the case" is at issue.  Id.

2

### III.    DISCUSSION

The jurisdictional basis for the present case rests on 28 U.S.C. § 1332.  Section 1332 states, in relevant part, that "(a) [t]he district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States. . . ."  28 U.S.C. § 1332. Plaintiff, in this matter, does not dispute that the parties are citizens of different states, but rather alleges that the suit does not meet the amount in controversy of $75,000, exclusive of interest and costs.

The party asserting jurisdiction bears the burden of demonstrating that the district court has the power to hear the case.  Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993).  For purposes of removal of a case, the amount in controversy is generally decided from the face of the complaint.  Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993).  "'Unless the law gives a different rule, the sum claimed by the plaintiff controls. . . . It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" Capital Mfg., Inc. v. Rayco Indus., Inc., No. Civ.A.05-979, 2005 WL 1084649, at *1 (E.D. Pa. May 6, 2005) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1938)).  "[L]egal certainty," however, does not require absolute certainty.  Nelson v. Keefer, 451 F.2d 289, 293 n.6 (3d Cir. 1971).

The United States Supreme Court has long held that plaintiffs may limit their claims to avoid federal subject matter jurisdiction.  See St. Paul, 303 U.S. at 294 ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot

remove.").  The Third Circuit has since expounded on this principle, noting that "[a] plaintiff, if permitted by state laws, may limit her monetary claims to avoid the amount in controversy threshold," but "[e]ven if a plaintiff states that her claims fall below the threshold, this Court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not."  Morgan v. Gay, 471 F.3d 469, 474–75 (3d Cir. 2006).

In the present case, the Complaint sought recovery of a contractual $25,000 Accidental Death Benefit as well as extra-contractual bad faith damages.  In his Motion to Remand, Plaintiff stipulated that his claimed bad faith damages did not exceed $50,000.  (Pl.'s Mem. Supp. Mot. to Remand 4.)  The subsequently-filed Amended Complaint—which is the operative document in this matter—specifically demands judgment "in an amount in excess of $50,000.00, but not in excess of $75,000.00."  (Am. Compl., Count I WHEREFORE Cl. & Count II WHEREFORE Cl.)  In response, Defendant does not attempt to argue that Plaintiff's actual monetary demands in the aggregate exceed $75,000.  Indeed, Defendant has asserted that "given Plaintiff's stipulation limiting damages in this case, Defendant does not oppose the remand of this case back to state court."  (Def.'s Resp. Opp'n Mot to Remand ¶¶ 5, 6, 7, 8.)   In light of this concession, the Court must find that the amount in controversy does not meet the statutory threshold, diversity jurisdiction does not exist, and remand to state court is warranted.

The sole remaining issue is the precise venue to which the Court remands the case.  The original action was filed in the Philadelphia County Court of Common Pleas.  Defendant now asserts that venue is not proper in that court because neither Plaintiff nor Defendant reside in Philadelphia County and that County has no connection to the present dispute.  As this Court has

4

no jurisdiction to hear this matter in the first place, however, issues of venue are properly resolved by the state court in which the suit was originally filed.  Accordingly, this Court remands the matter back to the Philadelphia County Court of Common Pleas.[1]

An appropriate Order follows.

---

[1] The Court also notes that Defendant has a pending motion to dismiss.  Following the filing of that motion, however, Plaintiff filed an Amended Complaint which appears to redact all material and references to which Defendant objected.  Given that procedural history, and in light of this Court's absence of subject matter jurisdiction, the Court denies the motion to dismiss as moot and directs the parties to file any further motions with the appropriate state court.